IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NEIL GIFFORD LONG,**

**Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:14cv10
　　　　　　　　　　　　　　　　　　　　　　(Judge Bailey)

**DR. DIIONISIO ENRIQUE POLICARPIO, MD,**
**RALPH E. PRICE, HSA MEDICAL ADMINISTRATOR,**
**PATRICK MIRANDY, Warden of St. Marys Correctional Center,**
**JIM RUBENSTEIN, Commissioner of WV Division of Corrections,**

**Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On February 3, 2014, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants, together with a Motion for Leave to Proceed *in forma pauperis*. On February 24, 2014, the plaintiff filed a current Prisoner Trust Account Report, and on February 26, 2014, the plaintiff was granted leave to proceed *in forma pauperis*. On March 19, 2014, the plaintiff paid the required initial partial filing fee. Thereafter, the plaintiff was released from incarceration, and on November 4, 2014, he was directed to submit a new motion to proceed *in forma pauperis* indicating his income following his release. The plaintiff filed the required motion and application, and on November 14, 2014, the plaintiff was again granted leave to proceed *in forma pauperis*. Therefore, this matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)[1].

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
　　(B) the action or appeal-

## I. Plaintiff's Contentions

### A. The Complaint

The plaintiff alleges that he is permanently confined to a wheelchair. He further alleges that prior to his incarceration, he was diagnosed as suffering from, and was treated for, a number of serious medical conditions including: spinal stenosis; degenerative disc disease; irreparable nerve damage to neck and back; herniated discs at C-6 & C-7; spinal injury to neck and back; and re-injury of several of these conditions and injuries. The plaintiff maintains that as a result of these ongoing severe, painful and debilitating injuries and conditions, he has been prescribed and treated with chronic pain medication for the twenty years prior to his incarceration. However, the plaintiff maintains that he was prescribed inappropriate medication while incarcerated at St Marys Correctional Center, denied the use of braces for carpal tunnel syndrome, and in general, was subjected to deliberate indifference to his serious medical needs. The plaintiff alleges that he has exhausted his administrative grievances, and to the extent some grievances were not exhausted, he was prevented from doing so. For relief, the plaintiff monetary damages.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

---

(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

2

against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See* Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the

3

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8...does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

### III. Analysis

The plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

**1. Patrick Mirandy and Jim Rubenstein**

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional

right against Patrick Mirandy or Jim Rubenstein. Instead, it appears that plaintiff merely names them in their official capacity as the warden of SMCC, and the commissioner of the WVDOC. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding. Furthermore, to the extent the plaintiff makes a bald allegation that the warden and commissioner are somehow responsible for medical policies, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Finally, to the extent that the plaintiff may be asserting that these defendants were deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D.Md. March 31, 2003). Accordingly, these two defendants should be dismissed for failure to state a claim upon which relief can be granted.

**2. Dr. Policarpio and Ralph Price, RN**

To state a claim under the Eighth Amendment, the plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In the instant case, the plaintiff's complaint does raise a colorable claim that he suffers from a serious medical condition, and that the defendants charged with his medical care have been deliberately indifferent to his medical needs. Accordingly, these defendants should be served with a copy of the complaint.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against Patrick Mirandy and Jim Rubenstein be **DISMISSED with Prejudice**;

(2) the plaintiff's claims against defendants, Dr. Policarpio and Ralph Price, proceed and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshall Service.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 10, 2014

                /s/ John S. Kaull
                JOHN S. KAULL
                UNITED STATES MAGISTRATE JUDGE