**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NEIL GIFFORD LONG,**
    **Plaintiff,**

v.                                                                                     Civil Action No. 2:14-cv-10

**DR. DIONISIO ENRIQUEZ POLICARPIO, M.D.,**
**Medical Care Physician for St. Marys Correctional Center;**
**RALPH E. PRICE,**
**RN, HSA Medical Administrator,**
    **Defendants.**

## REPORT AND RECOMMENDATION

On February 3, 2014, *pro se* Plaintiff Neil Gifford Long ("Plaintiff") filed a Complaint initiating this civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) On December 10, 2014, after conducting an initial review, the undersigned entered a Report and Recommendation ("R&R"), recommending that Defendants Patrick Mirandy and Jim Rubenstein be dismissed for failure to state a claim upon which relief can be granted, and that Defendants Dr. Dionisio Enriquez Policarpio ("Dr. Policarpio") and Ralph E. Price be served with a copy of the Complaint because Plaintiff had raised a colorable claim of deliberate indifference against them. (Docket No. 17.) That R&R was adopted by United States District Judge John Preston Bailey on January 5, 2015. (Docket No. 19.) Summonses for Dr. Policarpio and Mr. Price were issued that same day.[1]

On January 29, 2015, Dr. Policarpio, through counsel, filed a motion to dismiss and memorandum in support. (Docket Nos. 24 and 25.) On January 30, 2015, the undersigned issued notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing Petitioner of his right to file material responsive to Defendants' motion to dismiss. (Docket No. 27.) On February

---

[1] Dr. Policarpio was served on January 12, 2015. (Docket No. 23.) The summons as to Mr. Price was returned unexecuted. (Docket No. 22.)

13, 2015, Plaintiff filed a motion for extension of time and motion for appointment of counsel. (Docket No. 29.) On February 17, 2015, the undersigned entered an Order granting Plaintiff's request for an extension of time within which to respond and giving him until March 13, 2015, to do so, but denying his motion for court-appointed counsel. (Docket No. 30.) Despite receiving an extension of time, Plaintiff has not filed a response to the motion to dismiss. (Docket No. 32.)

## I. Contentions of the Parties

**A.     Plaintiff's Complaint**

In his Complaint, Plaintiff alleges that he is permanently confined to a wheelchair, and that prior to his incarceration, he was diagnosed with and treated for a number of serious medical conditions, including: spinal stenosis, degenerative disc disease, irreparable nerve damage to neck and back, herniated discs at C-6 and C-7, spinal injury to neck and back, and re-injury of several of those conditions and injuries. (Docket No. 1-1 at 1.) Plaintiff asserts that because of those "ongoing, severe, painful and debilitating injuries and conditions," he had been treated with chronic pain medications during the twenty (20) years preceding his incarceration. (Id. at 1-2.) Plaintiff argues that, while he incarcerated at St Marys Correctional Center,[2] he was prescribed inappropriate medication, denied the use of braces for carpal tunnel syndrome, denied a referral to a neurologist and to receive an MRI examination, and, in general, was subjected to deliberate indifference to his serious medical needs. (Id. at 2-12.) Plaintiff raises the following specific claims:

1. Deliberate indifference on the part of one or more Defendants Dr. Dionisio Enrizuez (sic) Policarpio, MD Treating Physician;

2. Denial of access to health care staff qualified to address the prisoners

---

[2] As noted by the undersigned in an Order entered on November 4, 2014, Plaintiff was released from custody on or about April 18, 2014. (Docket No. 13.)

> problems concerning medication issues;
>
> 3. Inadequate health care system being denied access; and
>
> 4. Failure to inquire into facts necessary to make a professional medical judgment.

(Docket No. 1 at 7-8.) For relief, Plaintiff requests $2,000,000.00 for pain and suffering as well as monetary damages for medical expenses. (Id. at 9.)

**B.      Defendant Dr. Policarpio's Motion to Dismiss**

> Dr. Policarpio argues that Plaintiff's Complaint should be dismissed as to him because:
>
> 1. The Complaint fails to state a claim upon which relief can be granted because the Complaint fails to allege sufficient facts to support a claim of deliberate indifference against Dr. Policarpio pursuant to 42 U.S.C. § 1983; and
>
> 2. Plaintiff has failed to comply with the provisions of the West Virginia Medical Professional Liability Act and any claims of negligence against Dr. Policarpio should be dismissed.

(Docket No. 24; Docket No. 25 at 6-9.)

## II.      Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III. Analysis

**A.** *Defendant Dr. Policarpio*

4

1. **Deliberate Indifference**

To state a claim under the Eighth Amendment for ineffective medical assistance, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." Gaudreault v. Muncipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The subjective component of a claim for ineffective medical assistance is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

"Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Treatment may be limited "to that which may be provided upon a

5

reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

Plaintiff's Complaint clearly establishes that he suffers from serious medical conditions that require treatment. However, Plaintiff fails to allege sufficient facts to establish a plausible claim that Dr. Policarpio acted with deliberate indifference to his medical needs. Rather, his Complaint and the attachments establish that Plaintiff was often treated by the medical staff, including Dr. Policarpio, while incarcerated at St Marys Correctional Center. Rather, Plaintiff's Complaint amounts to a disagreement with the course of treatment Dr. Policarpio provided. Dr. Policarpio's opinion was that Plaintiff's pain could be managed without the use of narcotic pain medications, including the use of muscle relaxants and Motrin. Plaintiff disagreed. However, such disagreement does "not state a § 1983 claim unless exceptional circumstances are alleged," Wright, 766 F.2d at 849, and Plaintiff's Complaint fails to allege any such exceptional circumstances. Furthermore, as noted above, the fact that an inmate does not receive treatment "which may be considered merely desirable" is insufficient to set forth a claim of deliberate indifference. Bowring, 551 F.2d at 48. Given this, the undersigned finds that Plaintiff's Complaint fails to state a claim of deliberate indifference against Dr. Policarpio, and Dr. Policarpio's motion to dismiss should be granted as to such claim.

### 2. Medical Negligence

Plaintiff also appears to raise a medical negligence claim against Dr. Policarpio, as Claims Three and Four of his Complaint refer to "inadequate" medical care. Furthermore, in the grievances and written statements attached to his Complaint, Plaintiff refers to the "negligence" of Dr. Policarpio and the medical staff.

To establish a medical negligence claim in West Virginia, the plaintiff must prove:

(a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. Am. Hosp. for Rehab., 207 W. Va. 135, 529 S.E.2d 600, 605-06 (2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued. West Virginia Code § 55-7B-6 provides in pertinent part:

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court has previously held that compliance with W. Va. Code § 55-7B-6 is mandatory prior to

filing suit in federal court. See Stanley v. United States, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

Plaintiff's Complaint completely fails to assert, much less establish, the standard of care for the treatment of his various medical conditions. Under the circumstances of this case, Plaintiff would be required to produce the medical opinion of a qualified health care provider to raise any genuine issue of material fact with respect to Dr. Policarpio's alleged breach of the duty of care. Moreover, given that Plaintiff's medical negligence claim arose in West Virginia, there is nothing in his Complaint which reveals that he has met the requirements of W. Va. Code § 55-7B-6. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and his claim for medical negligence should be dismissed.

### B. *Defendant Ralph E. Price*

Plaintiff also named Ralph E. Price, RN and HSA Medical Administrator, as a defendant in this action. Service was attempted, but was never effected because Mr. Price no longer worked at St Marys Correctional Center.

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service. That Rule provides in pertinent part:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual

personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4 of the West Virginia Rules of Civil Procedure provides in pertinent part:

(1) *Individuals*. Service upon an individual other than an infant, incompetent person, or convict may be made by:

(A) Delivering a copy of the summons and complaint to the individual personally; or

(B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or

(C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or

(D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

(E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

W. Va. R. Civ. P. 4(d)(1).

Rule 4(m) of the Federal Rules of Civil Procedure states:

If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's Complaint was filed on February 3, 2014; therefore, he had until June 2, 2014, to effect service on Mr. Price. It is clear from the record that there was no further attempt to serve Mr. Price under either the provisions of Rule 4 of the Federal Rules of Civil Procedure or Rule 4 of the West Virginia Rules of Civil Procedure. Furthermore, Plaintiff has not attempted to demonstrate good cause for the failure to serve Mr. Price by June 2, 2014. Accordingly, the undersigned recommends that defendant Ralph E. Price be dismissed without prejudice because of Plaintiff's failure to obtain service upon him.

### IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Dr. Dionisio Enriquez Policarpio's "Motion to Dismiss" (Docket No. 24) be **GRANTED**, and that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITH PREJUDICE** as to Defendant Dr. Policarpio for failure to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** as to Defendant Ralph E. Smith for failure to effect service.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn,

474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: March 24, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE